IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION

HECTOR CORONA,                    §
                                  §
            Petitioner,            §
                                  §
v.                                §   No. 4:18-CV-855-Y
                                  §
LORIE DAVIS, Director,            §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
            Respondent.            §

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Hector Corona, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust state-court remedies.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 23, 2005, in the 266th Judicial District Court, Erath County, Texas, Case No. CR12150, Petitioner pleaded guilty to aggravated sexual assault of a child younger than 14 years of age and was later sentenced to 40 years' imprisonment. (Clerk's R. 8, doc. 15-7.) Petitioner appealed the judgment on his plea, but the Eleventh District Court of Appeals of Texas affirmed. (Op. 1-2, doc. 10-2.) Petitioner did not seek further direct review or

challenge the judgment in a state habeas-corpus application under article 11.07 of the Texas Code of Criminal Procedure. (Pet. 4, doc. 1; Resp't's Answer, Ex. A.) Petitioner filed this federal habeas petition on October 15, 2018, wherein he claims that (1) the allegations were just hearsay, lacking any medical evidence, and (2) he is entitled to release because his combined flat and good time exceeds 50% of his sentence. (Pet. 9, doc. 1.) He seeks deportation back to Mexico.[1] (Id. at 7.) Respondent has filed an answer requesting that the petition be dismissed without prejudice for failure to exhaust state-court remedies. (Resp't's Answer 4-6, doc. 8.)

## II. EXHAUSTION OF STATE-COURT REMEDIES

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is

---

[1] Petitioner is subject to deportation, and it appears that removal proceedings under § 238(b) of the Immigration Act have been initiated. (Pet. 15-16, doc. 1.)

2

the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a post-conviction habeas-corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals nor has filed a post-conviction state habeas-corpus application pursuant to the procedures provided in article 11.07 of the Texas Code of Criminal Procedure. Because there has been no fair presentation of Petitioner's claims to the Texas Court of Criminal Appeals, the claims are unexhausted.[2] Absent a showing that no state "corrective process" is available to Petitioner or that such process is somehow rendered ineffective by the circumstances of his case, Petitioner cannot now proceed in federal court in habeas corpus. 28 U.S.C. § 2254(b)(1)(B). Accordingly, dismissal of this petition for lack of exhaustion is warranted so that Petitioner can fully exhaust his state-court remedies and then return to this Court, if he so desires, after

---

[2]Also, before seeking relief under article 11.07, Texas inmates are generally required to first pursue time-credit complaints through a dispute-resolution process within the prison system. *See* TEX. GOV'T CODE ANN. § 501.0081 ("Dispute Resolution: Time-Served Credits) (West 2012).

3

exhaustion has been properly and fully accomplished.

### III. CONCLUSION

For the reasons discussed, the Court DISMISSES Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prejudice for failure to exhaust state-court remedies.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural

question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED March 26, 2019

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE